Foss *v.* Stickney.

---

## Foss *vs.* Stickney.

Where an execution has been extended on two or more parcels of land, the debtor is not entitled to redeem one of them alone, without the others, even though its value is separately stated in the certificate of the appraisers.

Where a judgment debtor, whose land has been taken by extent, having tendered the money within the year, brings his writ of entry for the land, pursuant to *Stat.* 1821, *ch.* 60, *sec.* 30, it is sufficient that the money be produced and lodged in court at any time before the rendition of judgment.

THIS was a writ of entry. The demandant claimed the premises under a deed from *Joseph North*. The tenant held under a deed from *James Bridge*, who had taken this and two other parcels from *North* by a previous attachment, subsequently perfected by a regular extent. The demandant, within the year, caused the improvements made by the tenant on this particular parcel, and the rents and income thereof, to be ascertained and certified by three justices of the

Foss v. Stickney.

peace, pursuant to the statute, and tendered to the tenant the value of this parcel with the fixtures, deducting the rents and income thus ascertained ; and afterwards, on the same day, tendered another and larger sum, on the ground that the growing crops were his own ; both which sums the tenant refused to accept, because they were short of the whole amount of the money at which all the three parcels were appraised and set off. He also objected that the certificates were uncertain, in not stating absolutely the amount at which the land was originally appraised ; but merely expressing the amount as stated by the demandant to the justices.

It appeared also that the demandant, after discovering that the premises were under attachment at the time of *North's* conveyance to him, commenced against his grantor an action of covenant, alleging a breach of the covenants of seisin in fee, of good right to sell, and of freedom from incumbrance ; in which he afterwards had judgment for full damages and costs, of which a very small part had been satisfied.

At the time of the tender, the demandant offered no deed of release to the tenant ; nor was the money tendered brought into court till the time of trial.

Upon this evidence a verdict was taken for the tenant, by consent, subject to the opinion of the court whether, upon these facts, the action was maintainable.

*Sprague*, for the demandant, adverted to the *Stat.* 1821, *ch.* 60, *sec.* 30, which gives the right to redeem any tenement taken by extent ; and argued that where several tenements were so taken, the right to redeem applied to each several tenement, to be exercised at the option of the debtor, or his assigns. A different construction would be fraught with ruin to the assignee of a small parcel of land included in the same appraisement with other estates of great value ; to which, if bound to redeem, yet he could not thereby acquire any title.

As to the recovery by the demandant in his action of covenant against *North*, it is plain, from the facts in the case, that it must have been upon the covenant against incumbrances, because no other was broken. The grantor, at the time of the conveyance, was in fact

Foss *v.* Stickney.

.seised in fee, and his seisin passed by the deed to his grantee. The cases which appear to favor the tenant upon this point, proceed on the ground that nothing passed by the deed. Besides, in those cases the grantee had obtained satisfaction of his judgment; but here he has not; and a judgment in such case, without satisfaction, changes no rights of the parties.

*Boutelle,* on the other side, contended that as no incumbrance was specially set out in the action against *North,* the judgment must be intended to have been rendered upon the covenant of seisin; and that having made his election to resort to his grantor upon the covenants, he had no right to the character of an assignee. *Porter v. Hill* 9. *Mass.* 34. *Stinson v. Sumner ib.* 143.

The extent, he insisted, created a general lien on all the land taken; like a mortgage on divers parcels for the security of one debt; in which case the whole must be paid, to discharge any one parcel of the lien. *Taylor v. Porter* 7. *Mass.* 355. And the right thus acquired by the creditor, it was not in the power of the debtor, by the assignment of a parcel, to defeat or impair. *Bond v. Bond* 2. *Pick.* 382.

WESTON J. delivered the opinion of the Court at the ensuing term in *Somerset.*

Several objections are urged by the tenant to the right of the demandant to recover in this action. The certificates of the justices, it is insisted, do not positively name the amount at which the land was appraised and taken, on the levy of the execution. The justices do state the amount from the information of the demandant. If stated truly, it is unimportant from what source derived. The sum, according to the statement of the demandant, exceeded by a few cents the actual amount of the appraisement; but as this excess is against the demandant, and in favor of the tenant, it is a mistake of which the latter has no right to complain. The tender does not appear to have been embarrassed by any qualification or condition; nor is the right of the demandant impaired by his having made two successive tenders on the same day, It was competent for the tenant to have re-

Foss *v.* Stickney.

ceived either. If either was right, more especially if the last was, the rights of the demandant are preserved. The want of the tender of a release prepared by the demandant, as none was required by him to be executed by the tenant, and as this was not assigned as a reason for declining the tender, cannot be sustained as a valid objection. The statute does not require that the money tendered should be brought into court at the first term. It is sufficient if produced and lodged in court, at or before the rendition of judgment.

It is further objected that the demandant, having sued his grantor, upon an alleged breach of his covenant of seisin, and having obtained judgment thereupon, can no longer claim the land against the grantor, or those claiming under him. The covenants set forth in the declaration in that action are, that the grantor was seised in fee of the premises ; that they were free of all incumbrances ; and that he had good right to sell and convey the same ; and it is averred, in general terms, that the grantor had broken each of these covenants. It does not appear what further proceedings intervened, between the entry of the action and the rendition of judgment. Whether the defendant in that action was defaulted, or whether he pleaded to the same, and if he did, whether the pleadings would disclose any more specific and definite averment of an existing incumbrance, is not ascertained by the case as presented. If the judgment was recovered upon the ground of an incumbrance, it constitutes no objection to a recovery in this action. If on the ground of a want of seisin in the grantor, a question is raised whether it should be made to appear that satisfaction had been obtained. In the case of *Porter v. Hill,* cited in the argument, it is stated by the court that when a warrantee, in a *warrantia chartæ,* recovers and has seisin of other lands of the warrantor to the value, he cannot afterwards recover of the warrantor the lands warranted ; and that if, therefore, the demandant after his judgment and satisfaction, had sued his grantor for the land, the latter might have defended himself by showing that judgment, which had falsified his deed. The basis of this principle would seem to be the recovery of the warrantee, in the one case, and seisin thereupon of lands of equal value, and in the other, a recovery and satisfaction, which is an equivalent and substitute for a seisin of other lands of the

warrantor. It is true, that in the subsequent case of *Stinson v. Sum-ner*, the court appear to entertain an opinion, that a recovery of judgment is attended with the same consequences. They refer to, and rely upon, the preceding case of *Porter v. Hill* as an authority for the latter decision, but do not intimate that satisfaction is necessary to preclude the party from demanding and recovering the land; but upon this point, from the view we have taken of the cause, it is not necessary for us to give an opinion.

The great and important objection, upon which the tenant relies to defeat the claim of the demandant is, that a part only of the debt, to satisfy which the land of the debtor was extended upon, has been tendered to him. The right of the demandant is derived from the thirtieth section of the act directing the issuing, extending and serving of executions; which provides that when any tenement or lands shall be taken in execution for debt, it shall and may be lawful to and for the execution debtor, his heirs or assigns, executors or administrators, within the space of one year next following the extending of the execution thereon, to tender to the creditor, or those claiming under him, the debt for which the same tenement was taken, with the charges and disbursements expended in repairing or bettering the same, over and above the rents and profits thereof. Here the legislature manifestly regard the land or tenement taken, as one entire thing; in relation to which the improvement on the one hand, and the rents and profits on the other, are to be estimated. The heirs, assigns, executors and administrators are named as standing in the place of the debtor, in respect to the tenement taken; by which we must understand the whole property, upon which the execution is extended. The debt also for which the same is taken, is treated as a certain and entire sum. The liquidation is to be made, and the sum, that is, that entire sum, to the amount of which the execution was satisfied, is to be certified by three justices, appointed in the manner prescribed, and the amount by them certified to be due upon the execution, for which the land was taken, (not a part of it) is to be tendered by the debtor, or those representing him; and thereupon the creditor is required to release to the debtor or his heirs, what?—the land or tenements so taken in execution. If this be not done, the debtor may recover

Foss *v.* Stickney.

possession of the lands so taken in execution, in an action of ejectment. From the beginning to the end of this section, the subject matter of, the levy and the debt satisfied, is treated as entire. By the levy, the debt to the extent of the value of the land is paid, and the creditor holds the land by virtue of his extent; unless the same debt be paid or tendered, within the time limited. If the appraisers made a separate estimate of the different parcels taken in the same, it does not change the legal result. The aggregate value of the parcels is the amount for which the execution is satisfied. That is the debt to be tendered; and the subject matter of the levy is the whole land taken thereby. The attachment, by which a lien may have been created, is entire; so is the judgment, execution, levy and registry, made necessary by law to the validity and completion of the extent. The assignee of part of the land thus taken, and who becomes such between the attachment and the levy, has his remedy upon the covenants of his grantor; or, if he redeem the whole, he may call upon others assenting to such redemption, who are benefited at his expense, for contribution. But without further legislative provision in his behalf, whatever may be the inconvenience to which he may be subjected, he cannot compel the creditor to receive part of his debt and release part of the land taken. If it were otherwise, the creditor might be constrained to relinquish that part, the possession of which might be his principal or only inducement for causing the levy. That part may have appreciated in value, while the other part may have depreciated, by reason of contingencies happening within the year, by which their value might be affected. This is one of the reasons assigned by the court in the case cited from 2. *Pick.* and applies with equal force to the case before us. In that case it is settled in Massachusetts, that the debtor has no right, without the assent of the creditor, to redeem part. This decision was predicated upon a consideration of the rights of the creditor, which would be equally affected, if the assignee of part could redeem against him.

*Judgment on the verdict.*